IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyrone Perry, #307793, | ) | C/A No.: 1:14-4796-BHH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Larry Cartledge, Warden; Richard Turner, DHO; Leigh Pollman, DHO recorder; Cheryl Hindenburg, Inmate Grievance Coordinator; Laura Buttrey, Counsel Substitute; and Shantae Kollock, Counsel Substitute, | ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Tyrone Perry, proceeding pro se and in forma pauperis, is an inmate incarcerated at Perry Correctional Institution ("PCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. He names the following PCI employees as defendants: Warden Larry Cartledge, Disciplinary Hearing Officers Richard Turner and Leigh Pollman, Inmate Grievance Coordinator Cheryl Hindenburg, and Counsels Substitute Laura Buttrey and Shantae Kollock ("Defendants").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual Background

Plaintiff states that he was placed in the special management unit ("SMU") in PCI on December 13, 2013, based on a charge of public masturbation. *Id.* at 4. Plaintiff claims that he was placed naked in a cell and was not allowed any hygiene items or access to a shower until December 27, 2013. *Id.* Plaintiff alleges there was smeared feces and blood on the walls of the cell and he was not permitted to clean the room. *Id.* Plaintiff states that on January 6, 2014, he gave his counsel substitute his statement and a list of staff members to question. *Id.* Plaintiff's disciplinary hearing was held on January 7, 2014, and he claims that his counsel substitute did not question any of his staff witnesses or gather any documentary evidence. *Id.* Plaintiff alleges that his accuser admitted that she could not tell what Plaintiff was doing and that she did not see Plaintiff's private body parts. *Id.* Plaintiff was found guilty. *Id.* Plaintiff alleges that his January 7, 2014, conviction was overturned following his Step One grievance. *Id.*

Plaintiff had a second disciplinary hearing on June 19, 2014. *Id.* at 5. Plaintiff alleges that on June 18, 2014, he notified his counsel substitute of his witnesses and of institutional logs that would prove that he had already been punished for his infraction. *Id.* During his disciplinary hearing on June 19, 2014, Plaintiff alleges that the hearing officer refused to call his witnesses or check the documentary evidence he requested. *Id.* Plaintiff claims that he submitted a written statement to the hearing officer on June 4, 2014, but that his statement was not presented during his hearing. *Id.* Plaintiff also claims that his counsel

substitute refused to relay his defense to the hearing officer. *Id.* Plaintiff was found guilty, and this conviction was not overturned. *Id.* Plaintiff also claims that the grievance counselor refused to process his grievances. *Id.* Plaintiff seeks monetary damages and declaratory and injunctive relief. *Id.* at 7.

II.   Discussion

   A.   Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true.

*Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis[1]

        1.    Due Process

Plaintiff alleges that he was denied due process during his January 7, 2014, and June 19, 2014, disciplinary hearings. [ECF No. 1 at 4–6]. Disciplinary proceedings that implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). When the punishment does not cause the original sentence to be enhanced, protected interests will generally be limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995) (holding that disciplinary segregation

---

[1] Although Plaintiff generally references cruel and unusual punishment [ECF No. 1 at 3], he does not associate any specific actions with such a claim. To the extent Plaintiff is asserting a cruel and unusual punishment claim regarding the lack of cleaning products, hygiene items, and the cleanliness of his cell when he was placed in SMU from December 13–27, 2013, he has not alleged Defendants were responsible for such conditions of confinement. Additionally, he has failed to show that he has suffered any serious physical or emotional injury from the alleged deprivations. *See Strickler v. Waters,* 989 F.2d 1375, 1380–81 (4th Cir. 1993). Accordingly, Plaintiff has not set forth a conditions-of-confinement claim of cruel and unusual punishment against Defendants.

did not present the type of atypical, significant deprivation in which a state might create a liberty interest).

Plaintiff's complaint provides no facts indicating that his disciplinary convictions resulted in the loss of any earned sentence-related credits or that the disciplinary proceedings resulted in an increase in the sentence imposed. In response to the court's special interrogatories, Plaintiff indicates that his disciplinary convictions resulted in the following sanctions: telephone, canteen, and visitation loss, disciplinary detention time, wearing a pink jumpsuit, cell restriction, and extra duty. [ECF No. 12]. These sanctions, however, do not impose an atypical and significant hardship. *See, e.g., Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (holding that inmates do not possess a liberty interest in avoiding administrative segregation); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (finding a prisoner has no recognized liberty interest in a particular security classification or prison placement); *Williams v. Ozmint*, 726 F. Supp. 2d 589, 593 (D.S.C. 2010) (finding policy requiring pink jumpsuits and the attendant restrictions are rationally related to legitimate penological interests); *Sandin*, 515 U.S. at 481 (holding that convicted prisoners do not have an inherent constitutional right to visitors); *Durdick v. Byars*, C/A No. 3:11-2979-CMC-JRM, 2012 WL 5306263, at *5 (D.S.C. Sept. 28, 2012) (finding no protected liberty interest in telephone or canteen). Because Plaintiff fails to show that the challenged disciplinary convictions enhanced his sentence in such a way as to implicate a protected liberty interest and give rise to the protection of the Due Process Clause, Plaintiff's due process claims are subject to summary dismissal.

2.   Double Jeopardy

Plaintiff alleges that he was subjected to double jeopardy because he had already been punished for the infraction that was the subject of his June 19, 2014, disciplinary hearing. [ECF No. 1 at 5]. The Fifth Amendment provides, in pertinent part, that "[n]o person shall . . . be subject for the same offense to be put twice in jeopardy of life or limb." U.S. Const. amend. V. Prison disciplinary proceedings, however, are civil in nature and do not implicate the Fifth Amendment. *United States v. Devaughn*, 32 F. App'x 60, 61 (4th Cir. 2002) ("prison disciplinary sanctions do not preclude subsequent criminal prosecution for the same conduct under the Double Jeopardy Clause of the Fifth Amendment because Congress intended disciplinary proceedings to be civil in nature"), *cert. denied*, 537 U.S. 962 (2002); *see also Anderson v. Padula*, C/A No. 9:05-3029-PMD, 2006 WL 1075003, *4 (D.S.C. Apr. 19, 2006) (finding that the Double Jeopardy Clause was not implicated when the petitioner was sanctioned twice for one prison disciplinary charge, first through an informal resolution and then through a disciplinary hearing regarding the same charge). Accordingly, Plaintiff's double jeopardy claim should be summarily dismissed.

3.   Grievance Process

Plaintiff alleges that his grievance counselor refused to process his grievances. [ECF No. 1 at 5]. A prisoner has no constitutional right to a grievance procedure, and therefore Plaintiff's claim regarding unprocessed grievances should be summarily dismissed. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Ashann-Ra v. Commonwealth of Virginia*,

112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the complaint be dismissed without prejudice and without issuance and service of process. If the district judge accepts this recommendation, Plaintiff's motion to return to general population [ECF No. 15] and motion for court intervention [ECF No. 16] will be rendered moot.[2]

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 15, 2015                                                  Shiva V. Hodges
Columbia, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[2] As a practical matter, Plaintiff's motions are without merit, as he has no constitutional right to a particular classification. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975). To the extent that Plaintiff's motions allege unconstitutional conditions, there is no indication that he has exhausted his administrative remedies for the conditions, which he alleges began on December 31, 2014.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).