UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Perry, #307793,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>Larry Cartledge, Warden; Richard Turner, DHO; Leigh Pollman, DHO recorder; Cheryl Hindenburg, Inmate Grievance Coordinator; Laura Buttrey, counsel Substitute; and Shantae Kollock, Counsel Substitute,<br><br>　　　　　　Defendants. | Civil Action No.: 1:14-cv-4796-BHH<br><br>**Opinion and Order** |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 18), which recommends that this § 1983 action be dismissed *without prejudice* and without issuance and service of process. For the reasons set forth below, the Court agrees with the Report and dismisses the case *without prejudice*.

**BACKGROUND**

The plaintiff, Tyrone Perry, an inmate at Perry Correctional Institution, who is proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 challenging his placement in the Special Management Unit (SMU) and prison disciplinary proceedings for public masturbation.[1]  Pursuant to 28 U.S.C. § 636(b) (1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to Magistrate Judge Shiva V. Hodges. On January 15, 2015, the Magistrate Judge issued a Report recommending that the case be dismissed without prejudice and without issuance and service of process because

---
[1] The plaintiff appears to have raised similar complaints in a § 2254 petition, which was also subject to summary dismissal.  *See Perry v. Cartledge*, 1:14-cv-04472-BHH.

(1) the plaintiff has failed to show that the challenged disciplinary convictions enhanced his sentence in such a way as to implicate a protected liberty interest under the Due Process Clause, (2) the Fifth Amendment prohibition on double jeopardy does not apply to prison disciplinary proceedings, and (3) the plaintiff's claims regarding unprocessed grievances do not implicate a constitutional right.  The plaintiff filed an objection to the Report (ECF No. 20) on February 2, 2015.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the district court.  *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed*. Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[D]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation.").  The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection,

2

the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* On February 2, 2015, the plaintiff filed an objection in this case, and thus the Court has conducted the requisite *de novo* review.

In reviewing these pleadings, the Court is mindful of the plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

After conducting a *de novo* review, the Court finds that the plaintiff's objections, though detailed, provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. The plaintiff raises numerous complaints and asserts that the Magistrate Judge is wrong, but he offers no persuasive authority to contradict the Magistrate Judge's conclusions and ultimately fails to raise a valid objection. The plaintiff's objections are therefore overruled, and the Court adopts the Report in its entirety.

3

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that the plaintiff's objections are without merit. Accordingly, the Court adopts the Report and incorporates it herein. It is therefore ORDERED that the plaintiff's complaint be dismissed *without prejudice* and without issuance and service of process. All outstanding motions are **MOOT.**

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 27, 2015
Greenville, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.