IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Perry, #307793,<br><br>        Plaintiff,<br><br>v.<br><br>Larry Cartledge, Warden; Richard Turner, DHO; Leigh Pollman, DHO recorder; Cheryl Hindenburg, Inmate Grievance Coordinator; Laura Buttrey, counsel Substitute; and Shantae Kollock, Counsel Substitute,<br><br>        Defendants.<br>_____ | Civil Action No.: 1:14-4796-BHH<br><br><br><br><br><br>**O R D E R** |

Plaintiff has filed a motion for reconsideration (ECF No. 27) of the August 27, 2015, Order (ECF No. 24) dismissing this action without prejudice and without issuance and service of process, which the Court will treat as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 59 motions are not opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

On January 15, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 18) recommending that the case be dismissed without prejudice and without issuance and service of process because: (1) Plaintiff has failed to show that the challenged disciplinary convictions enhanced his sentence in such a way as to implicate a protected liberty interest under the Due Process Clause; (2) the Fifth Amendment prohibition on double jeopardy does not apply to prison disciplinary proceedings; and (3) Plaintiff's claims regarding unprocessed grievances do not implicate a constitutional right. Plaintiff filed an objection to the Report (ECF No. 20) on February 2, 2015. After conducting a *de novo* review, the Court found that Plaintiff's objections provided no basis for this Court to deviate from the Magistrate Judge's recommended disposition, and in an Order entered on August 27, 2015 (ECF No. 24), the Court adopted the Report in its entirety.

In Plaintiff's motion for reconsideration, he does not argue that there has been an intervening change in controlling law, or that the Court's decision must be altered to account for new evidence which was not previously available. The Fourth Circuit has held that "[a] prior decision does not qualify for this third exception by being "just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, 1995 WL 520978 at \*5 n.6 (4th Cir. Sept. 5, 1995)). In other words, the decision must be "dead wrong." *Parts & Elec. Motors, Inc. v. Sterling Elec. Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

The Court has considered the grounds the plaintiff lists in support of his motion for reconsideration, and finds none of the grounds provide a sufficient basis for granting Rule 59(e) relief. Petitioner argues that he "never received any documents stating the status of

[his] cases." (ECF No. 27.) Upon the Court's review of the Report, Petitioner's claims were dismissed and the case was closed. (ECF No. 24.) Accordingly, it is not clear how Petitioner suffered any prejudice from documents that he allegedly didn't receive. Plaintiff's motion for reconsideration appears to be based on his dissatisfaction with the Court's prior decision and, as such, Plaintiff's motion is DENIED.

    IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 11, 2016
Greenville, South Carolina